In re DOMESTIC AIR TRANSPORTATION ANTITRUST LITIGATION.

No. 1:90–CV–2485–MHS.
MDL No. 861.

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 14, 1992.

W. Pitts Carr, Carr, Tabb & Pope, Atlanta, Ga., Allen D. Black, Fine, Kaplan and Black, (Philadelphia); Jerry S. Cohen, Cohen, Milstein, Hausfeld & Toll, Washington, D.C., Judah I. Labovitz, Cohen, Shapiro, Polisher, Shiekman & Cohen, Dianne M. Nast, Kohn, Nast & Graf, P.C., H. Laddie Montague, Berger & Montague, Philadelphia, Pa., David J. Berman, Berman, Berkley & Lasky, San Francisco, Cal., Marc M. Seltzer, Corinblit & Seltzer, Los Angeles, Cal., Joseph Goldberg, Freedman, Boyd, Daniels, Peifer, Hollander, Guttman & Goldberg, Albuquerque, N.M., Lynn Lincoln Sarko, Keller Rohrback, Seattle, Wash., Arnold Levin, Levin, Fishbein, Sedran & Berman, Philadelphia, Pa., Vance K. Opperman, Opperman, Heins & Paquin, Minneapolis, Minn., Guido Saveri, Saveri & Saveri, San Francisco, Cal., for plaintiffs.

Michael Doyle, Alston & Bird, Atlanta, Ga., for defendant American Airlines, Inc.

Emmet J. Bondurant, II, Bondurant, Mixson & Elmore, Atlanta, Ga., for defendant Delta Airlines, Inc.

Donald L. Flexner, Crowell & Moring, Washington, D.C., for defendant Northwest.

Thomas Demitrack, Jones, Day, Reavis & Pogue, Cleveland, Ohio, for defendant Trans World Airlines, Inc.

W.T. Coleman, Jr., O'Melveny & Myers, Washington, D.C., for defendant United Airlines, Inc.

Robert C. Heim, Dechert Price & Rhoads, Philadelphia, Pa., for defendant USAir, Inc.

James A. Treanor, III, Dow, Lohnes & Albertson, Washington, D.C., for defendant Airline Tariff Publications, Inc.

Thomas A. Dickerson, Robert M. Moll, New York City, Beverly C. Moore, Jr., Moore & Brown, Washington, D.C., and Clinton A. Krislov, Krislov & Associates, Chicago, Ill., for objectors.

## ORDER

SHOOB, Senior District Judge.

Presently before the Court are motions filed on behalf of class members-objectors Andrew Hudders et al. ("objectors") for intervention and to compel production of documents. For the reasons stated below, the Court will deny the class members' request for intervention and will grant in part and deny in part the motions to compel.

### Intervention

The objectors move for intervention in this action to insure "standing to seek discovery, preserve appeal rights, and otherwise protect the interests of the class." Class Member–Objectors' Brief in Support of Motion to Compel Discovery, for Intervention, and for Extension of Objection Period at 12. Other than stating that their desire to intervene is in response to plaintiffs' contention that the objectors have no standing to seek discovery, objectors present no legal argument concerning the necessity of their intervention.

█ It is unclear from objectors' application whether they seek intervention as of right or permissive intervention. The Eleventh Circuit has outlined the requirements for intervention as of right under Federal Rule of Civil Procedure 24(a) as follows:

> The party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is a subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.

*Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir.1989). The proposed intervenor must establish each of the four requirements for intervention as of right.

There is no need for the Court to review whether objectors meet the first three requirements as they have failed to make any showing of the fourth requirement, inadequate representation. This requirement "is satisfied if the [proposed intervenor] shows that representation of his interests [by existing parties in the case] 'may be inadequate' and that 'the burden of making that showing should be treated as minimal.'" *Id.* at 1214, *citing Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972). In certifying the class in this action, the Court found that the named plaintiffs adequately portray the interests of the class, and that they are represented by competent and experienced counsel. Order dated May 8, 1991, at pp. 5–6. Objectors not only fail to make a minimal showing of inadequate representation, they neglect even to allege that the representation of existing parties is insufficient. The mere assertion that you should be permitted to intervene as of right does not create an entitlement to intervention. The Court does not find objectors entitled to intervention as of right based upon the limited argument presented in their application.

█ Permissive intervention is proper where "an applicant's claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.P. 24(b). Whether to permit intervention rests within the Court's discretion, and the Court should "consider whether the intervention will unduly delay or prejudice adjudication of the rights of the original parties." *Id.*

The Court can find no compelling reason to permit the proposed intervention. The denial of intervention will not prejudice objectors' ability to protect their interests. The Notice to the class of the settlements advised class members of their right to object and to appear through counsel at the fairness hearing. Pretrial Order No. 8 dated July 13, 1992, Exhibit A at 19. Objectors have obviously availed themselves of that right, having stated their intention to object and filing an entry of appearance of counsel for the purpose of participating at the hearing. In addition, for many of the reasons stated below, objectors would be no more entitled to the discovery they seek as intervenors than they are as class members. Accordingly, the Court will deny objectors' application for intervention.

*Motions to Compel*

Objectors have amended their original motion to compel to encompass their most recent, narrowed discovery requests filed on September 21, 1992.[1] The original discovery requests sought information concerning the parties' assessment of, among other things, the merits of the case, discovery taken, and the proposed settlement. The revised requests, while still seeking information about the parties' assessments and the content of settlement negotiations, now seek information concerning specific provisions of the proposed settlement.[2]

 Class members who object to a settlement of a class action do not have an absolute right to conduct discovery and presentation of evidence.

> The court, in its discretion, may limit the discovery or presentation of evidence to that which may assist it in determining the fairness and adequacy of the settlement.... The criteria relevant to the court's decision of whether or not to permit discovery are the nature and amount of previous discovery, reasonable basis for the evidentiary requests, and number and interests of objectors.

2 Herbert B. Newberg, *Newberg on Class Actions* § 11.56 at 476 (2 ed. 1985). Discovery should allow objectors meaningful participation in the fairness hearing without unduly burdening the parties or causing an unnecessary delay. *United States ex rel. McCoy v. California Medical Review, Inc.*, 133 F.R.D. 143, 149 (N.D.Cal. 1990).

 Interrogatory No. 1 requests information from each airline defendant concerning the carrier's present and projected net worth as well as the content of any discussions concerning the airlines' net worth during settlement negotiations. Insofar as defendants' financial stability and their inability to provide significant amounts of cash in settlement of this action are grounds for seeking approval of the settlement, information concerning the actual financial position of the defendant airlines is relevant to the Court's consideration of fairness. However, objectors are not entitled to discovery concerning settlement negotiations between the parties in the absence of evidence indicating that there was collusion between plaintiffs and defendants in the negotiating process. *Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co.*, 834 F.2d 677, 684 (7th Cir.1987). Objectors have neither alleged nor submitted evidence of collusion in the settlement negotiating process and all indications to the Court thus far indicate that the settlement process was an arm's length dealing between all parties.

Defendants intend to submit affidavits, on or before October 15, 1992, concerning their financial condition. Brief of American Airlines, Inc., Delta Airlines, Inc., United Airlines, Inc., USAir, Inc., Trans World Airlines, Inc., Continental Airlines, Inc. and Airlines Tariff Publishing Company, Inc. in Support of the Settlement and in Response to Filed Objections p. 39, n. 22. The Court anticipates that the information submitted by defendants will constitute a sufficient response to Interrogatory No. 1. Accordingly, the Court will deny objectors' request for financial information at this time.

Interrogatory No. 2 seeks information concerning the travel agent exclusion included in the original settlement. Defendants have now voluntarily elected to permit certificate redemption through travel agents. Accordingly, objectors' no longer

---

1. The Court has received several facsimiles from counsel for objectors and counsel for plaintiffs concerning the availability of documents for review and plaintiffs' failure to provide indices and summaries of discovery taken in this action. Objectors' revised motion to compel does not encompass the subject matter of these facsimiles. In any event, plaintiffs argue that the material requested by objectors is attorney work product and subject to attorney-client privilege. Objectors have thus far presented no argument concerning privilege. Absent a proper presentation, the Court will not rule on the issue of deposition summaries and indices, but will advise objectors that it will not direct the parties to provide any material which the Court finds privileged.

2. While objectors directed their discovery requests at plaintiffs and defendants, with the exception of requests for the content of settlement negotiations, all requests are for information within defendants' control.

seek the information sought in Interrogatory No. 2.

■ Objectors' Interrogatory No. 3 requests information on the transferability of prior coupon offers and frequent flyer programs, the actual redemption rate of these programs, and a description of any system for monitoring redemption and detecting fraud. Objectors also inquire into the parties' positions on transferability during settlement discussions. As stated earlier, objectors are not entitled to discovery of settlement negotiations. In response to the remainder of objectors' request, defendants indicate that they have thus far been unable to locate information in the format requested by objectors. The Court agrees that it would be burdensome to produce much of the information requested by objectors in this Interrogatory. The Court, however, finds information concerning the transferability of other coupon or discount offers relevant to the value of the certificates offered in the proposed settlement. Defendants should be aware of any transferability restrictions on other coupons, bonuses, frequent flyer awards, or discounts that they issue. Accordingly, the Court will direct defendants to respond to Interrogatory 3(b)(i).

■ Objectors' Interrogatories Nos. 4, 5, 6, and 7 seek evidence concerning certain restrictions placed on the certificates in the proposed settlement agreement. Specifically, objectors request information concerning "round trip" and "on-line" fares, black-out periods, corporate and other unpublished discounts, and flight price categories. Defendants recently provided information concerning the "round trip" and "on-line" restrictions in their filing in support of the settlement agreement and the Court, therefore, will deny objectors' request with respect to Interrogatory No. 4. *Id.* at 42. Defendants argue that they do not maintain the information sought in Interrogatory No. 5 concerning black-out periods in the format that objectors request. Defendants do indicate, however, that they may be able to provide some information responsive to the request before the October 19 hearing. The Court finds this information relevant to its consideration of fairness and will direct defendants to attempt a response to Interrogatory No. 5(a). Finally, objectors have failed to show how the type of information sought concerning unpublished fares and the redemption schedule is relevant to their position and the Court will deny their request pertaining to Interrogatory No. 7.

Interrogatory No. 8 seeks information concerning the allocation in the proposed settlement agreement between the Base and Supplemental Funds. Specifically, objectors seek the parties' "rationale" for the allocation scheme and the percentage of claimants that fall within the two funds. The Court finds the information contained in defendants' recent filing for approval of the settlement responsive to objectors' request and will deny objectors' request with respect to this Interrogatory. *Id.* at 50–52.

Finally, in Interrogatory No. 9, objectors request that the parties identify one or more persons who will be made available for Rule 30(b)(6) depositions prior to the October 19 hearing. Objectors are not entitled to unlimited discovery, and they have failed to present argument concerning a specific request for a deposition. Accordingly, the Court will deny objectors' Interrogatory No. 9.

*Conclusion*

The Court's ruling on discovery should permit objectors' meaningful participation in the fairness hearing without unduly burdening the parties or causing delay. Accordingly, the Court DENIES objectors' Motion to Intervene, to Compel, and for an Extension of the Objection Period [# 330], DENIES objectors' Motion for an Immediate Hearing [# 340], and GRANTS IN PART AND DENIES IN PART their Amended Motion to Compel [# 473]. The Court DIRECTS defendants to provide responses to the specific Interrogatories outlined above by Friday, October 16, 1992, at 12 noon.

IT IS SO ORDERED.