In re LORAZEPAM & CLORAZEPATE
ANTITRUST LITIGATION

United Wisconsin Services,
Inc., et al., Plaintiffs,

v.

Mylan Laboratories, Inc.
et al., Defendants.

and

Arkansas Carpenters Health And
Welfare Fund, Plaintiff,

v.

Mylan Laboratories, Inc.
et al., Defendants.

No. MDL 1290(TFH).
Misc. No. 99ms276 (TFH).

United States District Court,
District of Columbia.

Nov. 21, 2001.

Richard Alan Feinstein, Federal Trade Commission, Bureau of Competition, Washington, DC, Melvin Howard Orlans, Washington, DC, for Lorazepam & Clorazepate Antitrust Litigation.

peter H. Williams, Kimberly L. King, Office of Attorney General/Florida, Tallahassee, FL, for Florida.

Robert W. Pratt, Chicago, IL, Don R. Sampen, Office of Attorney General/IL, Antitrust Bureau, Chicago, IL, for Illinois.

Ann Beimdiek Kinsella, Minnesota Attorney General's Office, St. Paul, MN, for Minn.

Susan E. Raitt, Robert L. Hubbard, John Andrew Ioannou, Attorney General of State of New York, New York City, for State of NY.

Mitchell Lee Gentile, Rajeev Kumar Malik, Doreen Claire Johnson, Attorney General's Office—State of Ohio, for Ohio.

Terry A. Lupia, Office of Attorney General/Pa, Harrisburg, PA, for Pa.

Douglas L. Davis, Office of Attorney General/WV, Charleston, WV, for West Virginia.

Michael David Hausfeld, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, DC, Ellen Schiff Cooper, Office of Attorney General/MD, Baltimore, MD, for St. Charles Hospital.

Daveed Schwartz, Attorney General, State of Alaska, Department of Law, Anchorage, AK, for Alaska.

Mark Pryor, Office of Attorney General/AR, Little Rock, AR, for Arkansas.

Natalie S. Manzo, Office of Attorney General/CA, Los Angeles, CA, for Cal.

Maria E. Berkenkotter, Jennifer F. Connolly, Office of Attorney General/CO, Denver, CO, for Colorado.

Joseph Stephen Betsko, Attorney General of Commonwealth of Pennsylvania, Harrisburg, PA, Arnold B. Feigin, Office of Attorney General/CT, Hartford, CT, for Conn.

Donald Stuart Cameron, Office of Corporation Counsel, DC, Washington, DC, for District of Columbia.

Brett T. DeLange, Idaho Attorney General, Boise, ID, for Idaho.

John F. Dwyer, Iowa Department of Justice, Office of Attorney General, Des Moines, IA, for Iowa.

David Vandeventer, Office of Attorney General/LA, Baton Rouge, LA, Jane Bishop Johnson, Baton Rouge, LA, for La.

Stephen L. Wessler, Augusta, ME, for Maine.

Jennifer Granholm, Assistant Attorney General's Office, Consumer Protection Division, Lansing, MI, for Michigan.

Michael J. Delaney, Office of Attorney General/MO, Consumer Protection Division, St. Louis, MO, for Missouri.

Patricia A. Madrid, Office of Attorney General/NM, Albuquerque, NM, for New Mexico.

Steven J. Leippert, Oklahoma City, OK, for Oklahoma.

Andrew E. Aubertine, Department of Justice, Assistant Attorney General, Salem, OR, for Oregon.

C. Havird Jones, Jr., Office of Attorney General/SC, Columbia, SC, for South Carolina.

Jeffrey P. Hallem, South Dakota Attorney General's Office, Pierre, SD, for South Dakota.

Dennis J. Garvey, J. Patrick Riceci, Office of Attorney General/TN, Nashville, TN, for Tennessee.

Kelly Garcia, Office of Attorney General/TX, Austin, TX, for Texas.

Wayne Klein, Office of Attorney General/UT, Salt Lake City, UT, for Utah.

Rebecca Ellis, Julie Brill, Office of Attorney General/VT, Montpelier, VT, for Vermont.

Marta Lowy, Attorney General of Washington, Seattle, WA, for Wash.

Rajeev Kumar Malik, Attorney General's Office—State of Ohio, Columbus, OH, for Md.

Mary Nicole Strimel, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, DC, Thomas Campbell, Gardner, Carton & Douglas, Chicago, IL, for Advocate Health Care.

Herbert T. Schwartz, Williams, Bailey Law Firm, L.L.P., Houston, TX, for McMakin Enterprises, Inc.

Jack C. Sando, Bethesda, MD, Bernard Persky, Barbara J. Hart, Hollis L. Salzman, Ngozi Okaro, Goodkind Labaton Rudoff & Sucharow, New York City, for United Wisconsin Services, Inc.

Thomas Campbell, Gardner, Carton & Douglas, Chicago, IL, for Dik Drug Co., Harvard Pilgrim Health Care, Inc., Oxford Health Plans, Inc.

Herbert T. Schwartz, Williams, Bailey Law Firm, L.L.P., Houston, TX, for L & J Pharmacies, Inc., King's Pharmacy.

Reuben Guttman, Provost & Umphrey Law Firm, L.L.P., Washington, DC, for Ar-

kansas Carpenters Health and Welfare Fund.

Robert T. Rhoad, Porter, Wright, Morris & Arthur, Washington, DC, for Blue Shield of California, Blue Cross & Blue Shield of Florida, Blue Cross & Blue Shield of Michigan, Conseco Companies, The Guardian Life Insurance Company of America, Independence Blue Cross, Kaiser Foundation Health Plan, Inc., Mutual of Omaha Insurance Company, Trigon Blue Cross & Blue Shield, Trustmark Insurance Company.

David Hensler, Hogan & Hartson, L.L.P., Washington, DC, Robert N. Kravitz, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, Seth E. Brown, Morrison & Foerster, LLP, McLean, VA, Linda P. Nussbaum, Pomerantz, Haudek, Block & Grossman, New York City, Andrew S. Marovitz, Mayer, Brown & Platt, Chicago, IL, Hollis L. Salzman, Goodkind Labaton Rudoff & Sucharow, New York City, Diane Kelleher, U.S. Department of Justice, Civil Division, Federal Programs Branch, Washington, DC, John F. Kinney, Freeman, Freeman & Salzman, Chicago, IL, Martin Seidel, David Park, James Miller, Clifford Chance Rogers & Wells, LLP, New York City, Steven A. Newborn, Joseph Jay Simons, Clifford, Chance, Rogers & Wells, LLP, New York City, Michael O. Ware, Mayer, Brown & Platt, New York City, Stephen L. Klimjack, Jackson, Taylor, Martino & Hedge, Mobile, AL, Meredyth Smith Andrus, Office of Attorney General/MD, Antitrust Division, Baltimore, MD, Craig G. Harley, Atlanta, GA, Barron Grier, Columbia, SC, Ken Boss, Washington, DC, Robert S. Schachter, Zwerling, Schachter ; Zwerling, Seattle, WA, for Mylan Laboratories, Inc.

Ann M. Ashton, Debevoise & Plimpton, Washington, DC, Jonathan R. Tuttle, Timothy K. Beeken, Charles D. Atkins, Debevoise & Plimpton, New York City, for Cambrex Corporation, Profarmaco S.R.L.

Peter Dean Isakoff, David A. Hickerson, Weil, Gotshal & manges, L.L.P., Washington, DC, for Gyma Laboratories of America, Inc.

Sidney Samuel Rosdeitcher, michael P. Bowen, Lewis Farberman, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for SST Corporation.

## *MEMORANDUM OPINION*

THOMAS F. HOGAN, Chief Judge.

Pending before the Court is a motion for leave to conduct discovery by United Health Group ("United"), which has been joined in its entirety by several Individually Represented Companies ("IRCs")[1] and partially by Health Net, Inc. ("Health Net").[2] In the motion, the movants seek leave of the Court to promulgate interrogatories and requests for production of documents relating to damages analyses and settlement negotiations conducted by Class Counsel. Upon consideration of the motion, the opposition,[3] and the entire record herein, the Court will grant in part and deny in part the motion.

■ Class members who object to a class action settlement do not have an absolute right to discovery; the Court may in its discretion allow discovery if it will help the Court determine whether the settlement is fair, reasonable, and adequate. *E.g., In re Ford Motor Co. Bronco II Prods. Liability Litig.*, Civ. A. No. MDL–991, 1994 WL 593998, *2–3 (E.D.La. Oct. 28, 1994); *In re Domestic Air Transp. Antitrust Litig.*, 144 F.R.D. 421, 424 (N.D.Ga.1992).[4] As one commentator has observed:

1. The IRCs are Blue Shield of California, Blue Cross and Blue Shield of Florida, Blue Cross and Blue Shield of Michigan, Conseco Companies, Excellus Health Plan, Inc., The Guardian Life Insurance Co., Humana, Inc., Independence Blue Cross, Kaiser Foundation Health plan, Inc., Mutual of Omaha Insurance Co., Trigon Blue Cross and Blue Shield, and Trustmark Insurance Co.

2. Health Net specifically requests to be included in any response by Class Counsel to United's proposed document request and interrogatories relating to damages analyses.

3. Although Class Counsel filed their opposition on October 26, 2001, the movants have filed no reply to date, the time for which has run.

4. In the first two sentences of its argument, United claims both that "[c]lass members who object to a proposed settlement have a *right* to engage in discovery" and that "[o]bjectors *may* obtain discovery" to help the Court determine whether a settlement is fair, reasonable, and adequate.

The Court, in its discretion, may limit the discovery or presentation of evidence to that which may assist it in determining the fairness and adequacy of the settlement. The criteria relevant to the court's decision of whether or not to permit discovery are the nature and amount of previous discovery, reasonable basis for the evidentiary requests, and number and interests of objectors.

2 Herbert B. Newberg, *Newberg on Class Actions* § 11.56 at 476 (2d ed.1985), *quoted in Bronco II*, 1994 WL 593998 at *3; *accord Domestic Air*, 144 F.R.D. at 424 (quoting same). Of the factors to be considered, the reasonable basis of the movants' discovery requests presents the primary issue for consideration here.[5]

■ The movants first pursue discovery relating to damages analyses conducted by Class Counsel. They specifically seek to obtain through Document Request 1 "every document prepared by any expert retained, engaged or consulted" by lead counsel in each of the pertinent actions "relating to the analysis, assessment or evaluation of damages relating to claims assessed." United Mot. Ex. A at 8. Through Document Request 3, the movants seek "correspondence by or with any expert engaged, retained or consulted by Class Counsel relating to the assessment of injuries and/or damages." *Id.* Ex. A at 9. In similar fashion, the movants request answers to several specific questions relating to the damages analyses conducted by Class Counsel in Interrogatories 1–7. *Id.* Ex. B at 6–7. In support of these discovery requests, the movants argue that "the record is devoid of any analysis of the damages caused by Defendants' misconduct." United Mot. at 10. Class Counsel counter that the request is unnecessary because they will file expert reports regarding damages calculations in connection with their motions for final approval, which will be filed in the coming days. Pls.' Opp'n at 2–3. Upon the representation of Class Counsel that they will be filing expert reports detailing the damages calculations, the Court finds an insufficient basis at this time upon which to permit the requested discovery. It appears to the Court, in light of the extensive history of litigation and discovery conducted prior to the parties' settlement, and upon the representations of Class Counsel to date, that the expert reports will provide the Court with a sufficient and reasonable basis upon which to evaluate the fairness and adequacy of the settlement. It therefore agrees with Class

United Mot. at 9. These statements are not entirely consistent with one another. While the latter statement comports with case law, the former goes much further. For support, United cites *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir.1975). In *Girsh*, the Third Circuit reversed the district court's final approval of a class action settlement and remanded for clarification of the record. 521 F.2d at 154–55, 159–60. The *Girsh* court found the record inadequate to support the settlement. *Id.* at 154–55, 157, 159–60. Among the court's findings was the fact that the "objector ... was not afforded an adequate opportunity to test by discovery the strengths and weaknesses of the proposed settlement." *Id.* at 157. Although the court found that the objector there was "entitled to at least a reasonable opportunity to discovery" against the plaintiffs and defendants, *id.*, that finding was predicated on the total inadequacy of the record upon which the settlement was approved and the "totality of the circumstances surrounding the settlement hearing" in which the objector was denied meaningful participation. *Id.* The Court accordingly does not read *Girsh* as standing for the proposition that objectors have an absolute right to discovery as a general matter. *See, e.g., Bronco II*, 1994 WL 593998 at *3 ("Objecting class members do not, however, 'have an absolute right to discovery and presentation of evidence.' "); *Domestic Air*, 144 F.R.D. at 424 ("Class members who object to a settlement of a class action do not have an absolute right to conduct discovery and presentation of evidence."); *In re General Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1084 n. 6 (6th Cir.1984) ("While objectors are entitled to 'meaningful participation' in the settlement proceedings' ... and 'leave to be heard' ... they are not automatically entitled to discovery or 'to question and debate every provision of the proposed compromise.' ").

5. As represented by Class Counsel, the parties conducted extensive discovery over several years prior to entering settlement agreements. In an adversarial setting, hundreds of thousands of pages of documents were reviewed and over seventy depositions were taken. This extensive prior discovery weighs against the movants' request as a general matter. Likewise, the movants represent only a small number of the thousands of class members in these actions, many of whom are sophisticated business entities with their own representation, a fact which does not aid the movants' request.

Counsel that the request is unnecessary and will deny the request.

The movants also seek discovery on Class Counsel's settlement negotiations. Their Document Request 2 specifically seeks "any list of attendees of negotiations created at or about the time of Negotiations." United Mot. Ex. A at 8. Interrogatories 8–13 correspondingly ask specific questions pertaining to the date, location, duration, and participants at every negotiation conducted by Class Counsel. *Id.* Ex. B at 7–8. But they expressly are "not seeking to learn the substance of confidential settlement negotiations." *Id.* at 13. In support of this request, the movants contend that there "appears to be, on its face, a conflict of interest of certain class counsel," pointing to their "dual roles and loyalties: they represent both third party payers and consumers" and "seek considerable fees from the recoveries attributable to both the third party payer settlements and the FTC/Attorneys General/consumer settlement." *Id.* at 12–13. This charge is predicated upon the movants' belief that there is an inexplicable disparity in the proposed settlement respecting the compensation for third party payers vis-à-vis the state governments and consumers. *Id.* at 12.

Case law has consistently applied the principle that "objectors are not entitled to discovery concerning settlement negotiations between the parties in the absence of evidence indicating that there was collusion between plaintiffs and defendants in the negotiating process." *Domestic Air*, 144 F.R.D. at 424; *accord Thornton v. Syracuse Sav. Bank*, 961 F.2d 1042, 1046 (2d Cir.1992); *Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust Co.*, 834 F.2d 677, 684 (7th Cir.1987); *Bronco II*, 1994 WL 593998 at *4 & n. 11; *Bowling v. Pfizer, Inc.*, 143 F.R.D. 141, 146 (S.D.Ohio 1992). Class Counsel argue that the movants' unsupported speculation about a possible conflict of interest is insufficient to permit discovery into their settlement negotiations. They further submit that they at all times acted in the best interest of all class members and were actively involved in their respective settlement processes.

The Court will permit the limited discovery sought by United and the IRCs on the logistics of the negotiations. As an initial matter, the Court agrees with Class Counsel that the movants have supplied no evidence at all of collusion between the plaintiffs and defendants in this case. The Court also agrees that the movants' reliance on *In re General Motors Corporation Engine Interchange Litigation*, 594 F.2d 1106, 1124, 1126 (7th Cir.1979), is generally misplaced. In that case, the record contained evidence that negotiations proceeded in violation of court order and in so doing may have prejudiced the interests of the class. *Id.; see also Mars Steel*, 834 F.2d at 684. Nonetheless, United and the IRCs have raised the specter of a conflict of interest with Class Counsel. Although United and the IRCs have failed to support their serious allegation against Class Counsel with any evidence, the Court cannot ignore that a conflict stemming from Class Counsel's dual representation is at least a theoretical possibility and one that, if it can be substantiated, could help the Court in evaluating the adequacy of representation of the class and fairness of the settlement. Because the movants have significantly circumscribed their discovery request and specifically do not seek to discover the substance of the negotiations, the Court will grant their limited request.

For the foregoing reasons, the Court will grant in part and deny in part the motion for leave to conduct discovery. Specifically, the Court will deny leave to conduct discovery relating to Class Counsel's damages analyses. However, leave will be granted to propound the limited document request and interrogatories sought by United and the IRCs respecting Class Counsel's settlement negotiations logistics. An appropriate order will accompany this Memorandum Opinion.